IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | CASE NO. 8:09CR307 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| **ROBERT W. CARLSON,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's amended motion for release pending appeal (Filing No. 68). The motion is supported with a brief (Filing No. 69).

The Defendant, Robert W. Carlson, pleaded guilty to Count I of the Indictment charging him with conspiring to distribute and possess with intent to distribute methamphetamine. On June 21, 2010, the Court granted Carlson a downward departure and sentenced him to 24 months imprisonment. The statutory maximum for the offense is 40 years, and the statutory minimum of 5 years did not apply because Carlson received the benefit of the safety valve. Carlson is on release pending self surrender and requests release pending appeal, arguing that he is not likely to flee or pose a danger to the community and that the appeal is not for frivolous.

The relevant portion of the Bail Reform Act, 18 U.S.C. § 1341, *et seq.*, sets out the presumption that a defendant must be detained pending appeal, unless a court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>     (I) reversal,
>     (ii) an order for a new trial,
>     (iii) a sentence that does not include a term of imprisonment,
>     or

>       (iv) a reduced sentence to a term of imprisonment less than
>       the total of the time already served plus the expected duration
>       of the appeal process.

18 U.S.C. § 3143(b)(1).

Additionally, § 3143 requires the Court to detain a defendant during the pendency of an appeal in a case in which the defendant has been found guilty of an offense for which the maximum sentence is ten years or more under the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*  18 U.S.C. §§ 3142(f)(1)(C) & 3143(b)(2).

Carlson argues that he is not a danger to the community or a flight risk. He has not addressed the issues set out in § 3143(b)(1)(B). He has failed to show that the appeal raises a substantial question of law or fact likely to result in a reversal, a sentence that will not include a term of imprisonment, or a sentence that will be reduced to less than the time he will have served at the conclusion of his appeal. Moreover, the charge to which Carlson pleaded guilty carries a statutory maximum term of 40 years imprisonment and therefore requires that he be detained pending appeal.

IT IS ORDERED that the Defendant's amended motion for release pending appeal (Filing No. 68) is denied.

DATED this 18th day of August, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge